John H. WHITE, Plaintiff–Appellant,

v.

Jeffrey CLARK, Correctional Officer, et al., Defendants–Appellees,

Richard Rakoce, Sergeant, et al., Defendants.

John White, a/k/a John H. White, Plaintiff–Appellant,

v.

Patricia L. Williams, Corrections Officer, Upstate Correctional Facility, et al., Defendants–Appellees,

M. Kelsh, Corrections Lieutenant, Upstate Correctional Facility, et al., Defendants.

John White, Plaintiff–Appellant,

v.

P. Williams, et al., Defendants–Appellees,

R. MacWilliams, et al., Defendants.

Nos. 13–3840, 13–3846, 13–3856.

United States Court of Appeals, Second Circuit.

Jan. 9, 2015.

John H. White, Malone, NY, pro se.

Martin A. Hotvet, Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

Present: ROBERT A. KATZMANN, Chief Judge, RALPH K. WINTER, and SUSAN L. CARNEY, Circuit Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the district court are **AFFIRMED**.

Appellant John White, incarcerated and proceeding pro se, appeals from the district courts' orders denying preliminary injunctive relief in three separate, but related, actions filed pursuant to 42 U.S.C. § 1983. He sued prison officials, corrections officers, and medical staff alleging excessive force, deliberate indifference to serious risks to his safety, and inadequate medical care. His requests for preliminary injunctive relief were denied, and White appealed. *See White v. Clark*, No. 12–cv–986 (N.D.N.Y. Sept. 12, 2013); *White v. Kelsh*, No. 12–cv–1775 (N.D.N.Y. Sept. 13, 2013); *White v. Williams*, No. 12–cv–1892 (N.D.N.Y. Sept. 11, 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

A party seeking a preliminary injunction must demonstrate "that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are

sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York,* 626 F.3d 47, 52–53 (2d Cir.2010). We review denials of preliminary injunctions for abuse of discretion. *Lynch v. City of New York,* 589 F.3d 94, 99 (2d Cir.2009). A district court has abused its discretion if it has: (1) based its ruling on an erroneous view of the law; (2) made a clearly erroneous assessment of the evidence; or (3) rendered a decision that cannot be located within the range of permissible decisions. *See, e.g., id.*

We find no abuse of discretion in the district courts' findings that White failed to show a likelihood of success on the merits of his claims. We therefore affirm for substantially the reasons stated in the district courts' thorough and well-reasoned orders. We have considered White's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court. White's requests for a video teleconference and the appointment of counsel are **DENIED.**